J. H. Dean v. Commissioner.
J. H. Dean v. Commissioner
Docket No. 12321.
United States Tax Court
1948 Tax Ct. Memo LEXIS 208; 7 T.C.M. (CCH) 235; T.C.M. (RIA) 48066; April 21, 1948
*208 M. W. Egerton, Esq., P.O. Box 2047, Knoxville, Tenn., and William W. Davis, Esq., for the petitioner. S. Earl Heilman, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency of $8,014.12 in petitioner's income tax for 1943. Some of the issues have been settled by stipulation, leaving for our determination the sole question of the amount of petitioner's capital gain from the liquidation of his stockholdings in two separate corporations which were dissolved in 1942. This question, in turn, depends upon the value at the time of such dissolutions of a certain parcel of improved real estate referred to as "Dean Block," located in Knoxville, Tennessee, in which each of the dissolved corporations owned a one-half interest. Findings of Fact The petitioner is a resident of Knoxville, Tennessee. He filed his return for 1943 with the collector for the State of Tennessee, Nashville Division. Prior to 1940 the petitioner acquired four hundred of the eight hundred shares of outstanding capital stock of Dean Block, Inc., a Tennessee corporation, at a cost of $22,540.35. The other four hundred shares were owned by another *209 Tennessee corporation, Dean Tobacco Warehouse Company. The petitioner owned five hundred ninetyseven shares of the preferred stock of that corporation which he had acquired prior to 1942 at a cost of $22,643.45. Dean Tobacco Warehouse Company was liquidated on November 12, 1942, and the petitioner received in exchange for his preferred shares (1) an interest in a warehouse, valued at $14,200; (2) a claim against a closed bank, valued at $150.05; and (3) four hundred shares of the capital stock of Dean Block, Inc. Dean Block, Inc., was liquidated on December 31, 1942, and, as its sole stockholder, the petitioner received all of its assets consisting of accrued rentals in the amount of $2,443.47 and the improved real estate referred to as "Dean Block." The real estate in question is located at 1826-32 West Cumberland Avenue, Knoxville, Tennessee, in a suburban community trading center. The lot fronts 180 feet on West Cumberland Avenue and has a depth of 150 feet. It is improved by a one-story building of frame construction, with outside walls of cinder block and stucco with brick trim. The building has a frontage of 170 feet and a depth of 76 feet. The lot was purchased by the *210 petitioner in 1926 at a cost of $9,900. The building was started immediately and was completed in 1927. It was designed primarily for use as a filling station and automobile tire shop to be operated by petitioner's son. Its original cost was about $40,000. It is divided into five sections, one with a frontage of 90 feet occupied by the filling station and tire shop and the other four with a frontage of 20 feet each. Some of the smaller units were rented for stores or shops of various kinds. They were not all occupied until some time in 1946. The location of the building was not favorable for retail business. On the advice of his attorney, the petitioner had an appraisal of the property by the Knoxville Real Estate Board on September 4, 1942. A committee of three qualified appraisers appointed by the board valued the property, as of that date, at $30,000. The fair market value of the property referred to as "Dean Block" on November 12, 1942, and on December 31, 1942, was $30,000. Opinion LEMIRE, Judge: The only question left for our determination in this proceeding, after giving effect to the stipulation referred to above, is the fair market value of the real estate known as *211 "Dean Block" from November 12 and December 31, 1942, the respective dates of the liquidation of the Dean Tobacco Warehouse Company and Dean Block, Inc. The respondent has determined that the property in question had a value on those dates of $60,000. The petitioner contends that the value was not in excess of $30,000. We have found on the evidence adduced that the value of this property, which the partners agree was the same on both dates, was $30,000. That is the value that was determined by the Knoxville Real Estate Board appraisal committee on September 4, 1942. This appraisal was made at the petitioner's request. The appraisal committee consisted of three members of the Knoxville Real Estate Board who were well qualified to make the appraisal. Two of them appeared as witnesses in the trial of this case and gave testimony explaining and supporting their original appraisal. The other member of the appraisal committee has since died. The valuation of $30,000 fixed by the appraisal committee was also supported by a third witness, a Knoxville realtor who was familiar with real estate values in Knoxville in 1942 and who made a speculative appraisal of the property as of that time. *212 The respondent produced no witnesses. For support of his higher valuation of $60,000 he depends upon the prima facie correctness of his determination and also upon the evidence as to the cost of the property, its potential or reconstructed earnings and other factors which he deems material. It is conceded that the actual earnings of the property cannot be accurately determined from any available records. We think that the concurrent independent appraisal made by the Knoxville Real Estate Board in 1942 is the best evidence of value to be found in the record before us and we have found accordingly that the property in question had a value on November 12 and December 31, 1942, of $30,000. Decision will be entered under Rule 50.